## BECKER ET AL. v. HOPPER ET AL.
### (No. 756.)

Mechanics' Liens—Lien of Subcontractor—Statutes—Constitutionality—Lien Statement—Sufficiency—Verificition by Attorney—Parties—Defect of Parties—Waiver—Attorney's Fees—Constitutionality—Payment—Application.

1. The statute, giving a subcontractor, with whom the owner has no contractual relation, a lien for labor and materials actually entering into a building, is not unconstitutional, but is valid.

2. Under the statute relating to mechanics' liens, requiring the lien claimant, within a specified time, to file a just and true account of the demand which is to be a lien, the statement filed should be sufficiently specific to enable one, not a party to the contract, to identify the things for which the lien is claimed.

3. Under said statute a statement held insufficient as to an item specified as follows: "Becker Hotel contract, tin-work, etc., $1,292.00"; the abbreviation "etc." meaning

"and other things", and the item as stated, therefore, including other things besides tinwork and not otherwise specified.

4. Under the statute aforesaid the right to a mechanic's lien is merely an inchoate right until a just and true account is filed, which may or may not ripen into a lien at the election of the person entitled to create it.

5. The statute in force at the time the work is done or the materials furnished measures the right to a mechanic's lien, so that if that statute is not complied with the right to the lien is gone, and it cannot be revived by legislative enactment after the time has expired within which the lien may be created or perfected.

6. Chapter 68, Laws 1911, providing that in all cases arising under the provisions of the statute relating to mechanics' liens, the lien account as filed shall be admitted in evidence, and that it shall be a question of fact whether the account as filed is sufficient to charge the owner or his agent with knowledge of the amount for which, and the work and labor done or materials furnished for which, a lien is claimed, and if so found, that such lien account shall be held in all respects sufficient, valid and enforceable, is not retroactive, and is not applicable to an insufficient lien statement filed before its enactment, since the filing of the lien statement under the mechanics' lien statute is not a method of merely preserving and giving notice of an existing lien, but is a prerequisite to the creation of the lien itself.

7. The fact that a lien statement was verified before a notary public, who was the attorney for the claimant in the action subsequently brought to enforce the lien, did not invalidate it, since the statutory provision found in the code of civil procedure (Comp. Stat. 1910, Secs. 4561, 4568) to the effect that the officer before whom an affidavit is made must not be a relative or attorney for either party or otherwise interested in the event of the action or proceeding, applies only to pleadings, depositions and affidavits which are to be filed in an action or proceeding.

8. Where, in an action by a subcontractor to enforce a mechanic's lien, the original contractor with whom the contract for labor and materials was made was joined with the owner as a party defendant, the objection that he was not brought in by proper service was waived by not raising the objection by answer; the statute providing that a defect of parties plaintiff or defendant shall be cause for

demurrer when the defect appears on the face of the
petition, and that when any of the defects specified as
grounds for demurrer do not appear upon the face of the
petition the objection may be taken by answer, and if no
objection be taken either by demurrer or answer the de-
fendant shall be deemed to have waived the same, except
only the objection to the jurisdiction of the court, and
that the petition does not state facts sufficient to constitute
a cause of action.

9. The statute providing that, in actions brought in the dis-
trict court to enforce a mechanic's lien, when the plain-
tiff shall obtain judgment, the sum of $25 for attorney's
fees shall be taxed as costs and recovered from the ad-
verse party, is unconstitutional and void, as violative of
the provision of the Constitution of the United States,
which guarantees to every person the equal protection of
the law.

10. Where a statement of account as filed by a subcontrator
to perfect a mechanic's lien was insufficient as to an item
therein of $1292, because not definitely specified, and it
appeared in an action to enforce the lien that $900 had
been paid upon the account, with the intention that it
should be applied to and credited upon the amount due for
the work and materials represented by the said item of
$1292, *held*, that said payment should be so applied, in-
stead of applying the same in payment of the other items
specified in the lien statement.

[Decided Jan. 27, 1914.]                    (138 Pac. 179.)

ERROR to the District Court, Laramie County; HON.
WILLIAM C. MENTZER, Judge.

The action was brought by John W. Hopper and Edward
T. Bartley, as co-partners, doing business under the firm
name and style of Hopper & Bartley, against Charles Becker
and Henry Becker to establish and enforce a mechanic's
lien. From a judgment in favor of the plaintiffs the defend-
ants brought error. The other material facts are stated in
the opinion.

*Burke & Riner*, for plaintiffs in error.

There is grave doubt as to the constitutionality of the
statute allowing a mechanic's lien to a subcontractor. The

statute provides for a lien to subcontractors regardless of
the terms of the contract between the owner and the origi-
nal contractor, and without regard to the state of the ac-
counts between them.    While the greater number of cases
hold that provisions of this kind are valid, the question as
to weight of reasoning we believe open to much doubt.
(Spry &c. Co. v. Sault &c Co., (Mich.) 43 N. W. 778;
Palmer v. Tingle, (Ohio) 45 N. E. 313; Selma &c. Factory
v. Stoddard, 116 Ala. 251, 22 So. 555).    The item of
$1,292, specified in the lien statement as for "Becker Hotel
contract, tinwork, etc." is uncertain, indefinite and insuffi-
cient to create a lien.    (McWilliams v. Allan, 45 Mo. 73;
Graves v. Pierce, 53 Mo. 423; Louis v. Cutter, 6 Mo. App.
54; Kling v. Ry. Co., 7 Mo. App. 410; Coddling v. Nast,
8 Mo. App. 573; Henrich v. Carondolet &c., Soc., 8 Mo.
App. 588; Rude v. Mitchell, 97 Mo. 365, 11 S. W. 225;
Smith v. Haley, 41 Mo. App. 611; Curless v. Lewis, 46
Mo. App. 278; Bruns v. Capstick, 46 Mo. App. 397; Neal
v. Smith, 49 Mo. App. 328; Cahill &c. Co., v. Orphan
School, 63 Mo. App. 28; Dwyer Brick Works v. Flanagan,
87 Mo. App. 340; Feeny v. Rothbaum, (Mo. App.) 137
S. W. 82; Baker v. Smallwood, (Mo. App.) 143 S. W.
518; Wharton v. Real Est. Co., (Pa.) 36 Atl. 725).    The
provisions of Chapter 68, Laws 1911, having been enacted
several months after the lien statement had been filed, and
after the period of limitation for filing such statement, are
not applicable and cannot control the question of the suffi-
ciency of the lien statement in this case.    There is nothing
in the statute indicating an intention that it should be
retroactive.    But a proviso in Section 1 requires that the
lien account as filed shall state the amount for which, the
property against which, and the labor or materials for
which a lien is claimed, so as to enable the owner or his
agent to identify the same.    The statement of the item in
question is not sufficient even under that provision, for the
owner could not thereby identify the labor and materials.
A mechanic's lien must be established or preserved and
enforced by the law in force at the time the necessary pro-

ceedings are had for that purpose. (27 Cyc. 23, note 39). This later statute should not be construed as retroactive, or as affecting in any manner the validity of the lien account. (Lee v. Cook, 1 Wyo. 413; Craig v. Herzman, (N. D.) 81 N. W. 288; Cooley's Const. Lim. (5th Ed.) 449). The lien account was improperly verified before the attorney of the claimants, and is insufficient on that account, and should not have been admitted in evidence. (Comp. Stat. 1910, Secs. 4561, 4568; Warner v. Warner, 11 Kan. 101; Ward v. Ward, 20 O. C. C. 136; Schoen v. Sunderland, (Kan.) 18 Pac. 913; Harkey v. Kendall, (Neb.) 73 N. W. 953; Collins v. Stuart, (Neb.) 20 N. W. 11; Bank v. Cronin, (Neb.) 114 N. W. 158).

The contractor, Brice, was never made a party to the action, and, therefore, no valid judgment can be rendered establishing and foreclosing the lien. (Russell v. Grant, 122 Mo. 161, 26 S. W. 958; McLundie v. Mount, (Mo. App.) 123 S. W. 966; Murdock v. Hillyer, 45 Mo. App. 287; Vreeland v. Ellsworth, (Ia.) 32 N. W. 374). Plaintiffs attempted to bring the contractor in as a party by constructive service, but the service was insufficient for failure to comply with the statutory requirements. Where service by publication is relied upon to give jurisdiction over a nonresident, the statutory requirements must be successively and actively taken. (Ranch Co. v. Saul, (Cal.) 127 Pac. 123; Manion v. Brady, (Ia.) 138 N. W. 559). The publication for constructive service is a legal notice and is controlled as to the intervening period between the date of last publication and answer day by Section 4433, Comp. Stat. 1910 (Laws 1909, Ch. 30, Sec. 3). The trial court erroneously considered that section as not applicable to a notice published for constructive service. The motion to dismiss for the failure to make the contractor a party was well taken and should have been sustained. The insufficiency of the original proof of publication was sufficient ground for the motion, and the court erred in overruling the motion and permitting an amended proof of publication to be filed. A misstatement of the time to answer in a publication

notice for constructive service renders the notice fatally defective. (Laflin v. Gato, (Fla.) 42 So. 387; Schrader v. Schrader, (Fla.) 18 So. 674; Culver v. Phelps, (Ill.) 22 N. E. 890; Newcombe v. Cohn, 67 N. Y. Supp. 930). The statute long in force .providing for the answer day (Comp. Stat. 1910, Sec. 4417) was not repealed by the provisions of Section 4433, *supra,* but both sections may and should stand. The notice here claimed to be invalid merely violated the provisions of Section 4433. Where two statutes are in apparent conflict, they should be construed, if reasonably possible, so as to allow both to have force and effect. Again, no affidavit was filed that the residence of the defendant sought to be served by publication could not with reasonable diligence be ascertained, thus failing to comply with Section 4367, Comp. Stat. 1910, requiring that in all cases where the residence is not known an affidavit shall be filed before the hearing that the residence cannot with reasonable diligence be ascertained. (Ensign v. Ensign, (Kan.) 26 Pac. 7; Larimer v. Knoyle, (Kan.) 23 Pac. 487; 19 O. Dec. 507; Lutkens v. Young, (Wash.) 115 Pac. 1038; Liebhardt v. Lawrence, (Utah) 120 Pac. 215; McCracken v. Flannigan, 127 N. Y. 493, 28 N. E. 385; 32 Cyc. 476; Flint v. Coffin, 176 Fed. 872; Correll v. Greider, (Ill.) 92 N. E. 266; Morse v. Pickler, (S. D.) 134 N. W. 809; Grigsby v. Wopschall, (S. D.) 127 N. W. 605; Millage v. Richards, (Colo.) 122 Pac. 788; McDonald v. Cooper, 32 Fed. 745; Batt v. Proctor, 45 Fed. 515; Swain v. Chase, 12 Cal. 283; Beach v. Beach, (Dak.) 43 N. W. 701; Est. Malaer v. Damron, 31 Ill. App. 572; Mackubin v. Smith, 5 Minn. 367; Harrington v. Loomis, 10 Minn. 366; Kirkland v. Texas &c. Co., 57 Miss. 316; Anderson v. Marshall, (Mont.) 16 Pac. 576; Palmer v. McMaster, (Mont.) 33 Pac. 132; Carleton v. Carleton, 85 N. Y. 313; Kahn v. Matthai, (Cal.) 47 Pac. 698; Mills v. Simley, (Ida.) 76 Pac. 783; Kennedy v. Lamb, (N. Y.) 74 N. E. 834; Simensen v. Simensen, (N. D.) 100 N. W. 708; Bothwell v. Hoellworth, (S. D.) 74 N. W. 231; Plummer v. Blair, (S. D.) 80 N. W. 139; Johnson v. Hunter, 147

Fed. 133; Peters &c. Co. v. Collins &c. Co., (N. C.) 55 S. E. 90; Cordray v. Cordray, (Okla.) 91 Pac. 781; Felsutger v. Quinn, (Wash.) 113 Pac. 275; Spaulding v. Polley, (Okl.) 115 Pac. 864).

The provision of the statute relating to mechanics' liens allowing an atorney's fee to the plaintiff is unconstitutional, as violating the provision of the Constitution of the United States which guarantees to every person the equal protection of the law, and the provision of the Constitution of this State that all laws of a general nature shall have a uniform operation (Art. I, Sec. 34) and Section 8 of Art. I that all courts shall be open and every person, "for an injury done to person, reputation or property, shall have justice administered without sale, denial or delay." (Gulf &c. Co. v. Ellis, 165 U. S. 150; Davidson v. Jennings, 27 Colo. 185, 60 Pac. 354; Mills v. Olsen, (Mont.) 115 Pac. 33; Builders Supply Depot v. O'Connor, (Cal.) 88 Pac. 982; Stimson Mill Co. v. Nolan, (Cal.) 91 Pac. 262; Mannix v. Tryon, (Cal.) 91 Pac. 983; Hill v. Clark, (Cal.) 95 Pac. 382; Farnham v. California &c. Co., (Cal.) 96 Pac. 788; Los Angeles &c. Co. v. Higgins, (Cal.) 97 Pac. 414; Grand Rapids &c. Co. v. Remells, (Mich.) 43 N. W. 1006; Durkee v. Janesville, 28 Wis. 464; R. R. Co. v. Morris, 65 Ala. 193; Paddock v. Ry. Co., (Mo.) 453; Phenix Ins. Co. v. Hart, 38 S. E. 67; Openshaw v. Halfin, (Utah) 68 Pac. 138; Atkinson v. Woodmansee, (Kan.) 74 Pac. 640; Hocking Valley &c. Co. v. Rosser, (Ohio) 41 N. E. 263; Randolph v. Builders &c. Co., (Ala.) 17 So. 721; West v. Wabash &c. Co., (Mo. App.) 94 S. W. 310). Plaintiffs below were estopped from asserting their lien. We think the defense of equitable estoppel was fairly established by the weight of the evidence. (Mississippi &c. Co. v. The Ottumwa Belle, 78 Fed. 643).

*Marion A. Kline,* for defendants in error.

By the overwhelming weight of authority and reason the statute giving a lien to a subcontractor is not unconstitutional, but is valid. (Bolln Co. v. Irr. Co., 19 Wyo. 542,

121 Pac. 24; Smith v. Newbaur, (Ind.) 42 N. E. 40; Jones v. Hotel Co., 86 Fed. 371; Blauvelt v. Woodworth, 31 N. Y. 285; Hotel Co. v. Jones, 193 U. S. 532; Glacius v. Black, 67 N. Y. 563; Guar. & Trust Co. v. Wrenn, (Ore.) 56 Pac. 271; O'Neill v. School, 26 Minn. 329, 4 N. W. 47; Albright v. Smith, 3 S. D. 631, 54 N. W. 816; Laird v. Moonan, 32 Minn. 358, 20 N. W. 354; Gardner v. Leck, 46 Minn. 285, 48 N. W. 1120; Gurney v. Walsham, 16 R. I. 699, 19 Atl. 323; Spokane M. & L. Co. v. McChesney, (Wash.) 21 Pac. 198; Hightower v. Bailey, 108 Ky. 198, 56 S. W. 147; Bowen v. Phinney, 162 Mass. 593, 39 N. E. 283; Spofford v. True, 33 Me. 283; Mallory v. LaCrosse Co., 80 Wis. 170, 49 N. W. 1071; Henry & C. Co. v. Evans, 97 Mo. 47, 3 L. R. A. 332; Cole Mfg. Co. v. Falls, 90 Tenn. 471, 16 S. W. 1045; Hicks v. Murray, 43 Cal. 515; Van Stone v. Mfg. Co., 142 U. S. 128; Paine v. Tillinghast, 52 Conn. 532; Treusch v. Shryock, 51 Md. 162; Barnard v. McKenzie, 4 Colo. 251; Smalley v. Gearing, 121 Mich. 196, 79 N. W. 1114). The lien statement was properly verified. At the time it was sworn to no action or proceeding was pending in the court, and the matter was not governed by the statutory provisions cited by opposing counsel. (Carr v. Hooper, 29 Pac. 399; McDonald v. Willis, 143 Mass. 452, 9 N. E. 835; People v. Spaulding, 2 Paige, 326; Willard v. Judd, 15 Johns. 531; Vary v. Godfrey, 6 Cow. 587; Hallenback v. Whittaker, 17 Johns. 2; Gilmore v. Hempstead, 4 How. Prac. 153; Adams v. Mills, 3 How. Prac. 219; Horkey v. Kendall, 53 Neb. 522). An affidavit irregularly taken before the affiant's attorney is not a nullity. (Swearingen v. Howser, 37 Kan. 126, 14 Pac. 436; Dobry, v. Mfg. Co., (Neb.) 77 N. W. 656).

The trial court found that the service upon Brice was due and sufficient. A defective proof of publication may be amended after judgment, and even after the case has gone to an appellate court. (Hackett v. Lathrop, 36 Kan. 661, 14 Pac. 220; In re Newman, 75 Cal. 213; Cullum v. Batre, 2 Ala. 415; Burr v. Seymour, 43 Minn. 401; Britton v. Larsen, 23 Neb. 806; Howard v. McChesney, 103 Cal.

536; Hammerslough v. Hackett, 30 Kan. 57; Fisk v. Reigelman, 75 Wis. 499; Jeffrey v. Callis, 4 Dana (Ky.) 466; Barkley v. Tapp, 87 Ind. 25; Weaver v. Roberts, 84 N. C. 493). Section 4433, Comp. Stat. 1910, does not apply to or control in obtaining service by publication in an action pending in court. Sections 4369, 4370 and 4417 contain the provisions relating to service (not notice) by publication, and which have always been followed and are still followed in the State in obtaining constructive service. These sections were not expressly repealed by the law of 1909 containing the provisions now found in Section 4433, and they cannot be held to be repealed by that act. The law does not contemplate impossibilities, but if the answer day is to remain the third Saturday after the date of the last publication, and Section 4433 should be held to apply, it would be impossible in many counties of the State to make service by publication, for it would have to be made in a newspaper published Friday or otherwise the answer day would be more than fifteen days after the date of the last publication. The act of 1909 did not refer to publication for service. But if the act was applicable, no one has been injured by the fact that seventeen days instead of fifteen intervened between the date of the last publication and the answer day, and it should not invalidate the service. (O'Connor v. Huggins, 21 N. E. 185; Fouts v. Mann, (Neb.) 18 N. W. 64). If the service was defective it was not void, and the court acquired jurisdiction unless the service was set aside on motion of Brice, the party upon whom the service was made. (Adams v. Hopkins, (Cal.) 77 Pac. 716; Gottschalk v. Noyes, (Ill.) 80 N. E. 74; Bank v. Anderson, 35 Tenn. 669; 56 Mo. 398). A statute providing a new method of proceeding does not, without negative words, repeal a former statute relative to procedure. (Lewis' Suth. on Stat. Con. Secs. 247, 260, 267; Cotton Co. v. Yates, 69 Ark. 396; Congdon v. Ry. Co., 17 Mont. 481, 43 Pac. 629). The point that the affidavit for service is insufficient was not presented to the trial court. Had it been, an opportunity could have been given for amendment.

The record does not show that the question was presented on the trial and therefore it should be held to be waived. Under the rule that every fact will be presumed in aid of the judgment, the finding of the trial court that the service was based upon a proper affidavit and that such service was due and sufficient should be presumed based upon sufficient proof. (Christofferson v. Pfennig, (Wash.) 48 Pac. 264). But the absence of an affidavit showing that the residence cannot with diligence be ascertained does not render the service void. (Washburn v. Buchanan, (Kan.) 34 Pac. 1049; Ballew v. Young, (Okl.) 103 Pac. 623.) The case at bar is in many respects similar to summoning a garnishee, or where a creditor intervenes in an attachment proceeding. In such a case it is uniformly held that where the service is not void, but merely irregular, the irregularity can be attacked only by the attachment defendant. (Furnace Co. v. Mfg. Co., (Ill.) 54 N. E. 987; Hogue v. Corbit, 156 Ill. 540, 41 N. E. 219; Bickerdike v. Allen, 157 Ill. 95, 41 N. E. 740; Elliott v. Bank, 2 Colo. App. 164, 30 Pac. 53; Hawkins & Co. v. McAllister, 86 Miss. 84, 38 So. 225; Dollins v. Pollock, 89 Ala. 351, 7 So. 904; Darby v. Shannon, 19 S. C. 526; Winchell v. McKenzie, 35 Neb. 513; Van Camp v. Searle, 147 N. Y. 150; Long v. Fife, (Kan.) 25 Pac. 594; Raymond v. Nix, (Okl.) 27 Pac. 814; Root v. Ry. Co., (Ohio) 12 N. E. 814). The affidavit aforesaid is required to be filed only before the hearing, that is, presumably, before a judgment can be rendered against the defendant thus constructively summoned. No judgment was sought in this case against Brice, the contractor, nor was it possible for the trial court to render judgment against him on constructive service alone. However, if there was any defect in the service, and the service was necessary, the proceeding may be amended at any time. Again, it is immaterial whether the service was properly had upon Brice or not, for the original contractor is not a necessary party in the action brought by the subcontractor to foreclose the lien.

The statute allowing an attorney's fee to the plaintiff in an action to enforce mechanic's lien is not unconstitutional. The case of Gulf &c. Ry. Co. v. Ellis, 165 U. S. 150, strongly relied upon by plaintiff in error, was decided by a divided court, and has been gradually receded from in later decisions. A careful reading of the case, however, shows that it has no application to the case at bar. The weight of authority and reasoning seems to support the constitutionality of a statute like the one in question. (Genest v. Bldg. Ass'n., (N. M.) 67 Pac. 748; Bell v. Marvin, (Fla.) 26 So. 188; Duckwall v. Jones, 58 N. E. 1055; Vogal v. Pekoc, (Ill.) 42 N. E. 386; Ivall v. Willis, (Wash.) 50 Pac. 467; Thompson v. Mining Co., 9 Ida. 363, 74 Pac. 958; Wisniewski v. Nawrocki, (Mich.) 116 N. W. 1065; Syndicate Impr. Co. v. Bradley, 7 Wyo. 228, 52 Pac. 532; Rapp v. Gold Co., (Cal.) 16 Pac. 325; Wortman v. Kleinschmidt, (Mont.) 30 Pac. 280; Griffith v. Maxwell (Wash.) 55 Pac. 571; Armijo v. Elec. Co., (N. M.) 67 Pac. 726; Helena &c. Co. v. Wells, (Mont.) 40 Pac. 78; Cameron v. R. Co., (Minn.) 65 N. W. 652; Dow v. Beidelman, (Ark.) 5 S. W. 718; Perkins v. R. Co., 103 Mo. 52; R. R. Co. v. Dey, 82 Ia. 312, 48 N. W. 98; Sweatt v. Hunt, 42 Wash. 96, 84 Pac. 1; Jewell v. McKay, 82 Cal. 144, 23 Pac. 139; Wright v. Inv. Co., (Ore.) 89 Pac. 387; Bennett Co. v. Land &c. Co., 14 Ida. 5, 93 Pac. 799; Shaw v. Johnson, 17 Ida. 676, 107 Pac. 399; Shaw v. Martin, 20 Ida. 168, 117 Pac. 853; Beach v. Huntsman, (Ind.) 83 N. E. 1033; Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555; Anderson v. Donohue, 116 Minn. 380, 133 N. W. 795; Baldridge v. Morgan, 15 N. Mex. 249, 106 Pac. 342; Lumber Co. v. Wemple, 107 N. Y. Supp. 327; McInnis v. Buchanan, 53 Ore. 533, 99 Pac. 929; James v. Jackson, 64 Wash. 175, 116 Pac. 633; Min. Co. v. Delamotte, 185 Fed. 752; Sanitary Dist. v. Bernstein, 175 Ill. 215, 51 N. E. 720; Ry. Co. v. Hamilton, (Ill.) 66 N. E. 389; Ry. Co. v. Matthews, (Kan.) 49 Pac. 602; Assur. Co. v. Bradford, (Kan.) 55 Pac. 335; Clarke v. Ellithorpe, (Kan.) 51 Pac. 940; Comm'rs. v. Marrero, (La.) 30 So. 305; McMullin v.

Doughty, (N. J.) 64 Atl. 1134, 55 Atl. 115; R. R. Co. v.
Crider, 91 Tenn. 498; Johnson v. Ry. Co., 29 Minn. 425,
13 N. W. 673; Schimmele v. Ry. Co., 34 Minn. 216, 25
N. W. 347; Ry. Co. v. Mower, 16 Kan. 573; Ins. Co. v.
Chowning, 86 Tex. 654; Engebretsen v. Gay, (Cal.) 109
Pac. 880; Hardwick &c. Co. v. Ry. Co., (Minn.) 124 N.
W. 819; Gray v. Ry. Co., (Minn.) 124 N. W. 1100; River-
side Mills v. Ry. Co., 168 Fed. 990; State v. Fritz, 80 Kan.
168, 101 Pac. 1013; Ins. Co. v. McManus, (Ark.) 110 S.
W. 797; Harp v. Ins. Co., (Ga.) 61 S. E. 704; C. B. &
Q. Ry Co. v. Feintuch, 191 Fed. 482; Johnson v. Huds-
peth, (Ga.) 72 S. E. 69). The testimony does not estab-
lish an equitable estoppel as against the plaintiffs.

Was the lien account insufficient as to the contract item
amounting to $1292? The purpose of requiring a subcon-
tractor to file an account of his claim is that the owner may
be informed of the nature thereof so that he may ascertain
whether the charges made are reasonable. (Mitchell Pub.
Co. v. Allison, 130 Mo. 55). That reason fails when the
owner has complete knowledge of all the facts without ref-
erence to the lien account. Mr. Becker knew what labor
had been performed and materials furnished by the subcon-
tractors, and he also knew the contract price for the tin-
work. He knew these facts some time before the lien
statement was filed, and had ample opportunity to inform
himself regarding the reasonableness of the charges. Stat-
utes giving a mechanic's lien are to be liberally construed as
remedial legislation. (Hicks v. Schofield, 121 Mo. 389;
Rall Bros. v. McCrary, 45 Mo. App. 370; Iron Works v.
Railway Co., 141 Mo. 230; Empire &c. Co. v. Engley,
(Colo.) 33 Pac. 153). It is true that the Missouri courts
were extremely technical with reference to lien statements.
Owing to that fact, no doubt, Chapter 68 of the laws of
1911 was enacted in this State requiring a more liberal in-
terpretation of lien statements and making the sufficiency
thereof a question of fact, and that statute we here contend
applies to and should control this case as to the sufficiency
of the statement objected to. While the statute was enacted

after the lien statement was filed, it was enacted before this action was commenced.   A suit pending to enforce a right or remedy conferred solely by statute is abated by the unconditional repeal of such statute before judgment. (Pub. Co. v. Bank, 41 Neb. 175, 59 N. W. 683; U. S. v. Tymen, 11 Wall. 88).   Hence, if the Legislature of 1911 had chosen to repeal the mechanic's lien law instead of amending it, the lien now claimed in this action would have been lost.   Chapter 68 aforesaid is a curative statute intended to remove some of the technicalities of the former law.   It was intended to heal or cure defects so as to prevent the defeat of proper liens, without impairing the obligation of contracts or interfering with vested rights. (Lewis' Suth. Stat. Constr. 1229; McFadden v. Evans &c Co., 185 U. S. 505; Steere v. Kinsey, 68 Ark. 360, 58 S. W. 1050).   It is no objection to a curative statute that it validates what has previously been declared invalid in a judicial proceeding.   (Lewis' Suth. Stat. Constr., 1233; Nottage v. Portland, (Ore.) 58 Pac. 883; State v. Beach, 147 Ind. 74, 46 N. E. 145; State v. Gay, 18 Mont. 51, 44 Pac. 411).   Since the statute in question applies only to the remedy it is applicable to all cases, whether the lien was created before or after its enactment.   Part of the chapter prescribes rules of evidence, and what shall be sufficient evidence of certain facts.   No person has a vested right in a particular remedy or in any particular rule of evidence or procedure, but the Legislature may change these at its will and pleasure.   And the enforcement of rights must be in accordance with the rules of practice, procedure and evidence in force at the time of the trial.   (6 Ency. Law, (2nd Ed.) 947, 950; Wheelock v. Myers, (Kan.) 67 Pac. 632; Irr. & Land Co. v. Stewart, (Ida.) 77 Pac. 31; Clark v. Darr, (Ind.) 60 N. E. 688; Barclift v. Fields, (Ala.) 41 So. 84; Ry. Co. v. Guthrie, (Ill.) 61 N. E. 658; Lumber Co. v. Gottschalk, (Cal.) 22 Pac. 860; Groesbeck v. Barget, (Kan.) 41 Pac. 204; Harris v. Harsch, (Ore.) 46 Pac. 141; Min. Co. v. Firstbrook, (Colo.) 86 Pac. 313; Gaffney v. Jones, 39 Wash. 587, 81 Pac. 1058; Low Foon

Win v. U. S., 145 Fed. 796; Kimball v. Burns, (Ill.) 61 N. E. 376; Meadowcroft v. People, (Ill.) 45 N. E. 305; Youst v. Willis, (Okl.) 49 Pac. 1014; Kirkman v. Bird, (Utah) 61 Pac. 338; Leavitt v. Ry. Co., (Me.) 37 Atl. 886; McKinstry v. Collins, (Md.) 56 Atl. 986; Flagg v. Locke, (Vt.) 52 Atl. 424; Cunningham v. Dixon, (Del.) 41 Atl. 519; Sanders v. Greenstreet, 23 Kan. 425; Danforth v. Water Co., (Mass.) 59 N. E. 1033). When our mechanics' lien statute was adopted in 1877, the latest and ruling decision of the Supreme Court of Missouri construing the adopted statute was Hilliker v. Francisco, 65 Mo. 598, holding a lien account to be sufficient which was no more definite than the item here complained of. See also the following Missouri cases, supporting the sufficiency of this statement. (Seaman v. Paddock, 51 Mo. App. 469; Hayden v. Wulfing, 19 Mo. App. 327; Brockmeier v. Dette, 58 Mo. App. 610; McDermott v. Clalas, 104 Mo. 23; Grace v. Nesbitt, 109 Mo. 16; Walden v. Robertson, 120 Mo. 44; Dallas v. Brown, 60 Mo. App. 496; Deardorff v. Roy, 50 Mo. App. 73; Sosman v. Conlin, 57 Mo. App. 32; Holland v. Cunliff, (Mo.) 69 S. W. 740; Hilliker v. Francisco, 65 Mo. 598; Abbott v. Hood, 60 Mo. App. 196; Rall Bros. v. McCrary, 45 Mo. App. 370; Planing Co. v. Allison, 138 Mo. 55). The following decisions of other courts also sustain the sufficiency of the account in this case: Westcott v. Bunker, (Me.) 22 Atl. 388; Leeds v. Little, (Minn.) 44 N. W. 309; Manley v. Downing, (Neb.) 19 N. W. 601; Doolittle v. Plenz, (Neb.) 20 N. W. 116; Sexton v. Weaver, 6 N. E. 367; Town Co. v. Morris, 18 Pac. 230; Nickson v. Cydon Lodge, 43 Pac. 237; Ainslie v. Kohn, (Ore.) 19 Pac. 97). Even if the one item was insufficient because indefinite, it can easily be separated from the other items in the account, so that the lien would remain valid at least as to the other items amounting to $375.02 for hardware furnished. (Pullis v. Hoffman, 28 Mo. App. 666; Johnson v. Building Co., 23 Mo. App. 546; McLaughlin v. Schwacker, 31 Mo. App. 373; Kenshaw v. Kitzpatrick, 3 Mo. App. 575; Palmer v. McGinnis, 127 Ia.

118; Kittrell v. Hopkins, 114 Mo. App. 431; Baker v. Smallwood, (Mo. App.) 143 S. W. 518; Trust Co. v. Wrenn, (Ore.) 56 Pac. 271; Powell v. Nolan, (Wash.) 67 Pac. 712; Hubbard v. Brown, 90 Mass. 596; Dennis v. Smith, 38 Minn. 494; North v. LaFlesh, 73 Wis. 520; Lumber Co. v. Washburn, 29 Ore. 150; Maynard Co. v. Ivey, 21 Neb. 241; Ittner v. Hughes, 133 Mo. 679; Price v. Merritt, 55 Mo. App. 640; Walden v. Robertson, 120 Mo. 38; Niswander v. Black, 50 W. Va. 188).

BEARD, JUSTICE.

This action was brought by the defendants in error to enforce a mechanic's lien. A decree was entered establishing and foreclosing the lien and judgment entered for $25 attorney's fees. From that judgment and decree Charles Becker and Henry Becker appeal.

The plaintiffs below alleged in their petition, in substance, that Charles Becker was the owner of certain real estate in the City of Cheyenne upon which Henry Becker held a mortgage. That about June 1, 1910, Charles Becker entered into a contract with the firm of Brice and Mitchell by which they agreed to furnish the materials for, and to construct on said lots a two story hotel building, with the exception of the plumbing and heating. That thereafter about June 17, 1910, Brice & Mitchell sub-let the tin and galvanized iron work on said building to defendants in error, Hopper & Bartley, for the agreed price of $1,292. That under said contract Hopper & Bartley furnished the materials and did the tin and galvanized iron work on said building. That between June 24, and September 9, 1910, Hopper & Bartley sold to Brice & Mitchell hardware for use in and used in the construction of said building to the amount of $375.02. That Brice & Mitchell paid to Hopper & Bartley July 16, 1910, $400, and July 23, 1910, $500. That on October 22, 1910, Hopper & Bartley filed in the office of the County Clerk of Laramie County their statement and claim for a mechanic's lien on said building and premises. That about September 15, 1910, Mitchell, one of the members of

the firm of Brice & Mitchell, died, and that soon thereafter George R. Brice, the surviving member of said firm, left the State of Wyoming. The petition was filed March 11, 1911.

After various motions, and a general demurrer to the petition were filed and disposed of, the defendants Charles and Henry Becker filed separate answers on December 23, in which, so far as necessary to be here stated, Charles Becker admitted the ownership of the real estate and the mortgage to Henry Becker and the payment of $900 by Brice & Mitchell; denied the other allegations of the petition and pleaded an estoppel. Henry Becker pleaded his mortgage. To these answers replies were filed.

The plaintiffs in error contend that the judgment and decree are erroneous for the following reasons, viz:

1.    That there is grave doubt as to the constitutionality of the statute giving a lien to sub-contractors with whom the owner has no contractual relations.

2.    That the lien account filed and offered in evidence contains an item aggregating over $1,200, which is given in a lump sum, unitemized, and which is wholly uncertain and unspecific, neither the materials entering into the work being given, nor the labor in connection therewith.

3.    That the lien account was not properly verified.

4.    That George R. Brice, the surviving member of the firm of Brice & Mitchell, the contractors, was never made a party to the suit.

5.    That the statute awarding attorney's fees in mechanics' lien cases is unconstitutional.

6.    That the plaintiffs below were estopped by their conduct and statements, which were relied upon by plaintiff in error, Charles Becker, from claiming or enforcing a mechanic's lien.

Counsel for defendant in error contends that the first error assigned was not presented to the trial court and therefore is not properly presented here. But, passing by that objection, we are content to follow the decisions of the courts of last resort in a large majority of the states where

the question has been decided, holding that such statutes giving sub-contractors a lien for labor and materials actually entering into the structure, do not violate constitutional provisions and are valid. The question was fully and carefully considered by the Circuit Court of Appeals, Sixth Circuit, in Jones v. Great Southern Fireproof Hotel Co., 86 Fed. 370, 30 C. C. A. 108, in an elaborate opinion by Judge Lurton, in which many cases are reviewed; and that decision was affirmed by the Supreme Court of the United States. Great Southern Hotel Co. v. Jones, 193 U. S. 532, 24 Sup. Ct. 576, 48 L. Ed. 778, in the foot note to which case many additional cases are cited.

The second error assigned relates to an item in the lien statement which it is contended is insufficient to entitle claimants to a lien. That item as it appears in the statement filed and offered in evidence is as follows: "Becker Hotel contract, tinwork, etc., $1292.00." No date is given but it appears between other items of the account dated August 19, 1910. In the affidavit to the lien account it is stated that "said firm of Hopper & Bartley had a subcontract under the said Brice & Mitchell for all the tin work, etc., in connection with the construction of said hotel for the agreed price of One Thousand Two Hundred Ninety-Two Dollars ($1292.00) for labor and materials; that said Brice & Mitchell were the original contractors for the construction of said Becker Hotel", located, &c. The statute, Sec. 3803, Comp. Stat. 1910, is as follows: "It shall be the duty of every original contractor, within four months, and every sub-contractor, and every journeyman and day laborer, and every other person seeking to obtain the benefits of the provisions of this chapter, within ninety days after the indebtedness shall have accrued, to file in the office of the Register of Deeds of the proper county, a just and true account of the demand due him, her, or them, after all just credits shall have been given, which is to be a lien upon such building or improvement," * * * * There is considerable apparent conflict in the decided cases on the question of what particularity is required in a lien state-

ment. We say apparent conflict for the reason that in nearly all of the cases the decisions have been based upon the particular language used in the several statutes, in a number of which it is expressly provided that inaccuracy in the statement shall not invalidate the lien. Our statute requires a just and true account of the demand which is to be a lien; and we are of the opinion that the lien statement in this case was not a substantial compliance with that requirement. No case has been called to our attention wherein a statement so uncertain and indefinite as in this case has been held sufficient. "Becker Hotel contract, tin work, etc," is very indefinite and by its terms includes other things besides tin work, the abbreviation, "etc", meaning "and other things." And from the evidence in this case it appears that this sub-contract did in fact include other things, viz: galvanized iron work, steel ceilings, skylights and glass. To be sufficient the statement should be sufficiently specific to enable one, not a party to the contract, to identify the things for which the lien is claimed. But counsel for defendant in error contends that Chapter 68, S. L. 1911, is applicable to this case. That Act was not passed until some months after the lien statement was filed and after the ninety days within which it could be filed had expired. It amended and re-enacted Section 3805, Comp. Stat., relating to the pleadings, practice, process and other proceedings in cases arising under the chapter on mechanics' liens, and provided, among other things, that in all cases arising under the provisions of the chapter on mechanics' liens, the lien account as filed shall be admitted in evidence and it shall be a question of fact whether the account as filed is sufficient to charge the owner or his agent with knowledge of the amount for which, and the work and labor done or materials furnished for which a lien is claimed; and if so found such lien account shall be held in all respects sufficient and valid and enforceable. It does not attempt to change or modify Section 3803, but attempts to change the question of the sufficiency of the statement there required from one of law to one of fact. There

is nothing in the Act, if it were applicable, to indicate that it was intended to be retroactive in its application, nor do we think it could have such effect. Counsel argues that it is competent for the Legislature to change the rules of evidence as to existing causes, and that a party has no vested right in a remedy. That may be conceded; but it has no application here. He has fallen into the error of supposing or assuming that under our statute the filing of the lien statement is but the method of preserving and giving notice of an existing lien which the claimant has by virtue of having performed labor upon or furnished materials for the building. The distinction between those statutes which provide that any person performing labor upon or furnishing materials for, &c., shall have a lien, and the provisions of our statute must be kept in mind. Our statute, Sec. 3799, Comp. Stat. 1910, is as follows: "Every mechanic or other person, who shall do or perform any work or labor upon, or furnish any materials,  *   *   *   * for any building,  *   *   *   *   *   * *upon complying with the provisions of this chapter,* shall have for his work, or labor done, or materials,  *   *   *   *   *   * furnished, a lien upon such building," &c. Under the former class of statutes the doing the work or furnishing the materials creates the lien which lapses or is dissolved at the expiration of a definite time unless the person having such lien files the required statement. That is, the filing of the statement preserves and keeps in force an existing lien; while under our statute doing the work or furnishing materials does not alone create a lien, but simply gives the person so doing the right to create or perfect a lien by complying with the statute. Until a just and true account is filed the right is merely an inchoate right which may or may not ripen into a lien at the election of the person entitled to create it. It is the statute in force at the time the work is done or the materials furnished that measures the right, and if that statute is not complied with the right to the lien is gone and cannot be revived by legislation enacted after

the time has expired within which such lien may be created or perfected.

The next assignment of error is, that the lien statement was verified before M. A. Kline, a notary public, who was the attorney in this action for plaintiffs below. After Mr. Bartley had testified that a certain letter had been prepared by Mr. Kline, as his attorney, he was asked: "At that time, October 4, 1910, you had retained Mr. Kline, as your attorney, to bring this action?" Ans. "Yes, I think that was the day." The lien statement was verified Oct. 22, 1910, and the action was commenced March 21, 1911. At the time the lien statement was verified there was no action or proceeding pending, and the statement was not a pleading or affidavit to be filed in any action or proceeding then pending or being brought. The statement is required to be verified by the oath of the person filing the lien, or by some reliable person for him. We think the statute providing that the officer before whom the verification is made must not be the attorney of either party or otherwise interested in the event of the action or proceeding, applies only to pleadings, depositions and affidavits which are to be filed in an action or proceeding. It was so held by the Supreme Court of Kansas in Carr. v. Hooper, 48 Kan. 253, 29 Pac. 398, in which case the same objection was made to a mechanic's lien statement as is here made, and it was held not to invalidate the lien.

The next contention is that there was a defect of parties defendant because Brice, the surviving member of the firm of Brice & Mitchell, was not brought in by proper service. The answer to that objection is, that when it appears on the face of the petition that there is a defect of parties, plaintiff or defendant, the objection may be raised by demurrer. And when the defect does not appear upon the face of the petition (as in this case) the objection may be taken by answer, and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdic-

tion of the court, and that the facts stated are not sufficient to constitute a cause of action. (Secs. 4381, 4382 and 4383, Comp. Stat. 1910). An examination of the pleadings in this case discloses that the objection was not taken by answer, and therefore, by the express provisions of the statute, was waived. (Gilland v. U. P. Ry. Co., 6 Wyo. 185, 43 Pac. 508; Mau v. Stoner, 15 Wyo. 109, 87 Pac. 434, 89 Pac. 466).

It is next contended that the statute awarding attorney's fees in actions of this kind is unconstitutional. It provides, "in all suits or actions brought in the District Court to obtain a judgment on·such account and to enforce the lien, when the plaintiff or complainant shall obtain judgment or decree, the sum of twenty-five dollars, for attorney's fees, shall also be taxed as costs and recovered from the adverse party." (Sec. 3807, Comp. Stat. 1910). The decisions are not uniform on this question. In some of the states similar statutes have been held valid, and in others invalid as violative of the Constitution of the United States which guarantees to every person "the equal protection of the law"; and the provisions of state constitutions, that all laws of a general nature shall have a uniform operation; and that no special law shall be enacted when a general law can be made applicable. The decision most frequently referred to and cited in support of the decisions holding such statutes unconstitutional is Gulf &c. Co. v. Ellis, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666, holding invalid a statute of Texas allowing attorney's fees to any person having a *bona fide* claim against a railroad company for services, or for damages for stock killed. The court said: "It is simply a statute imposing a penalty upon a railroad corporation for a failure to pay certain debts. No individuals are thus punished, and no other corporations. The act singles out a certain class of debtors and punishes them for like delinquencies it punishes no others. They are not treated as other debtors, or equally with other debtors. They cannot appeal to the courts as other litigants

under like conditions and with like protection. * * * *
They do not stand equally before the law. They do not
receive its equal protection." It is argued that this case
has been much modified by the subsequent decisions of that
court. True, the court has refused to apply the rule in cer-
tain cases involving the right to regulate the business and
conduct of certain corporations or where the interest of
the public was involved; but the principle that a statute
discriminating between persons of the same class or simi-
larly situated violates the constitutional provision of equal
protection of the law has not, so far as we are advised,
been modified or departed from. A statute similar to the
one now under consideration was held invalid by the Su-
preme Court of Colorado in a well considered opinion in
Davidson v. Jennings, 27 Colo. 187, 60 Pac. 354, 4 L. R.
A. 340, 83 Am. St. Rep. 49. And in Mills v. Olsen, 43
Mont. 129, 115 Pac. 33, the Supreme Court of Montana
reversed its former decisions and cites a large number of
authorities in the opinion which need not be repeated here.
The reasoning in those cases, supported as it is by the
authorities therein cited, appears to us to be sound, and not
shaken by the decisions holding the contrary. We are im-
pelled to the conclusion that the statute awarding attorney's
fees in this class of cases is unconstitutional and void.

It is further claimed that the court erred in holding that
the defendants in error were not estopped from claiming a
lien. Upon the evidence, as it appears in the record, we
think there was no error in that respect.

Lastly, it is urged that the payment of $900 was more
than sufficient to pay for all items for which defendants in
error were entitled to a lien and therefore the judgment
should have been in their favor. One of the defendants in
error testified that these payments were credited on the
amount due under the contract for tinwork, etc. That it
was the intention of all of the parties to be so applied
seems reasonable from the further fact that at the time the
payments were made but a small amount (less than $70

worth) of the hardware had been furnished.    It is our opinion that the payments should be so applied.

The cause will be remanded to the District Court with directions to modify the judgment and decree by striking therefrom the sum of $392, and interest thereon, being the balance of the item of $1292, after deducting the $900 paid; and striking out the $25 allowed as costs for attorney's fees.    The judgment as so modified is affirmed.    The respective parties to pay their own costs in this court.

*Modified and Affirmed.*

Scott, C. J., concurs.

Potter, J., did not sit.