591 P.2d 1225 (1979)
Thomas J. SCHAEFER and Barbara A. Schaefer, husband and wife, Appellants (Defendants below),
v.
LAMPERT LUMBER COMPANY, a corporation, Appellee (Plaintiff below).
LAMPERT LUMBER COMPANY, a corporation, Appellant (Plaintiff below),
v.
Thomas J. SCHAEFER and Barbara A. Schaefer, husband and wife, Appellees (Defendants below).
Nos. 4993, 4994.
Supreme Court of Wyoming.
March 15, 1979.
Bryan E. Sharratt, Walter C. Urbigkit, Jr., of Urbigkit, Mackey & Whitehead, P.C., Wheatland, for appellants in No. 4993 and appellees in No. 4994.
Fred W. Phifer, Wheatland, for appellee in No. 4993 and appellant in No. 4994.
Before RAPER, C.J., McCLINTOCK, THOMAS and ROSE, JJ., and GUTHRIE, J., Retired.[*]
*1226 RAPER, Chief Justice.
This appeal involves the right of plaintiff-appellee,[1] Lampert Lumber Company (appellee), to a mechanic's lien[2] on a home for the construction of which appellee supplied substantial amounts of material. After a trial, the district court entered judgment in favor of appellee in the amount of $7,695.63[3] and further gave appellee a lien against the home of defendants-appellants, Thomas J. and Barbara A. Schaefer (Schaefers), in that same amount. Both parties appeal. The Schaefers assert:
(1) Failure of appellee to comply with the statute's ten-day notice requirement, § 29-2-110, W.S. 1977, should vitiate its right to a mechanic's lien.
(2) Absent an enforceable lien, the Schaefers are not liable to appellee because they neither contracted with nor had any other contract with appellee prior to the delivery or use of the material, and the Schaefers have not been unjustly enriched.
(3) Attorney's fee of $25 is unconstitutional and should not have been allowed.
Appellee opposes the issues raised by the Schaefers and contends that appellee is entitled to recover for materials furnished (delivered) but not proven to have been incorporated in the building.
We will affirm the judgment so far as it goes but remand the case to the district court with directions to increase the judgment by $1,357.00 so that the total judgment for appellee, before the $514 deduction is taken, is in the amount of $9,052.63. In all other respects the judgment is affirmed.
The Schaefers contracted with Michael West to build a home north of Wheatland, Wyoming. The contract price was $35,500, including labor and material. West purchased materials from appellee. The Schaefers testified they paid appellee approximately $8,000 through West. Another payment of $3,566.19 to appellee is shown by a check as an exhibit in the record. West went bankrupt and construction on the home ceased for a time. The residential dwelling was eventually finished by a second contractor, Norb Olind. The Schaefers acknowledged that materials were delivered after the described payments and that they probably were not paid for. The Schaefers' knowledge of what materials were ordered, delivered, incorporated in the home, and paid for was very limited. Dr. Schaefer testified that in order to complete the home he expended a total of $36,052.19, not including legal expenses. In addition to the lien of appellee, there was a lien of $839.70 by Wheatland Lumber.
Appellee's manager testified that an initial delivery of some $1,900 worth of material was made, for which he was paid. Some additional deliveries were also paid for. Subsequently, deliveries of a value of $9,052.63 were made but not paid for. All material was billed, pursuant to contract, to the original contractor, West.
The second contractor, who finished the home, testified that he examined the structure to determine what of the materials delivered by appellee were incorporated. He determined all to be present, except for $1,358.10 worth. A considerable amount of the material in place had to be torn out and replaced because of weather damage while work was suspended.
*1227 The Schaefers first assert that appellee failed to comply with the ten-day notice requirement of § 29-2-110, W.S. 1977.[4] This issue was not raised in the trial court. We will not consider matters raised for the first time on appeal unless they go to jurisdiction or are otherwise of such fundamental nature that the court must take cognizance of them. Oedekoven v. Oedekoven, Wyo. 1975, 538 P.2d 1292. The ten-day notice is a requirement of the statute, but waived unless the issue is raised in the trial court. Morehart v. A.B. Beeler Lumber Co., 1928, 176 Ark. 818, 4 S.W.2d 29; 4 C.J.S. Appeal and Error § 268, p. 802. In addition to the fact that the issue was not raised in the trial court, we note that the Schaefers cited no authority nor cogent argument to support this allegation of error.
The Schaefers apparently argue that, "absent an enforceable lien" they are not liable to the appellee because they were not unjustly enriched. We need say nothing more to this than that there is an enforceable lien, and so the issue of unjust enrichment will not require our attention. See § 29-2-102.[5] The notice of lien is considered timely in the absence of objection and all other proceedings are in accordance with the governing statutes.
In this case certain materials were delivered to the construction site by appellee.[6] The materials were signed for by the Schaefers' contractor, West. They were not paid for to the extent of $9,052.63. This is not contradicted by any evidence in the record. The Schaefers do claim that substantial amounts of this material were apparently not incorporated in the home. In this appeal, that material is stated to be worth $1,357.00. The Schaefers assert, no doubt accurately, that they sustained a loss in that they ended up paying substantially more for their home than the amount contemplated in their original contract with West. This, however, is due to no fault of the appellee; and we cannot transfer their loss to him.
The testimony of the second contractor suggested some of the materials may not have been incorporated into the building. If they were not incorporated, the record does nothing to show where they went. The various jurisdictions are in conflict as to whether it is required that materials be incorporated into the structure or improvement. 53 Am.Jur.2d, Mechanic's Liens, § 95, pp. 604-609. This is due in part to variations in statutory language and in part to differing interpretations of statutory language. Our statute states that the materialman shall have a lien for materials furnished for any building (see footnote 5). The doctrine that furnishing, or delivery, of material sustains a lien is thoroughly discussed in Anno., "Delivery of material to building site as sustaining mechanic's lien," 39 A.L.R.2d 394, §§ 3-5, pp. 399-418.[7] In *1228 view of the language of our statute, we agree with that doctrine. We hold that, provided the other requirements of the statute are met, a delivery of materials to the building site is sufficient to sustain a mechanic's lien, even though the material, without the materialman's fault or consent, is never used, or is diverted to some other use. Thus the appellee is entitled to have his judgment increased by $1,357.00.
The Schaefers correctly point out that the provision of the statute allowing attorney's fees in the amount of $25, § 29-2-118, was declared unconstitutional. Becker v. Hopper, 1914, 22 Wyo. 237, 138 P. 179, modified and affirmed on rehearing, 1915, 23 Wyo. 209, 147 P. 1085. We find this determination to be incorrect in view of modern concepts, if indeed, it was ever correct in view of the clear intent and purpose of the statute. If a decision "* * * that a statute is unconstitutional is subsequently reversed or overruled, the statute will ordinarily be treated as valid and effective from the date of its enactment, or from its first effective date, and does not require reenactment by the legislature in order to restore its operative force; * * *." 16 C.J.S. Constitutional Law § 101, p. 473.
In Becker v. Hopper, supra, this court apparently determined that the statutory allowance of an attorney's fee violates the equal protection clause of the Constitution of the United States and the Constitution of Wyoming. The court relied upon Gulf, Colo. & Santa Fe Railway Co. v. Ellis, 1897, 165 U.S. 150, 17 S.Ct. 255, 41 L.Ed. 666; it also cited decisions holding similar statutes invalid in Colorado and Montana. Becker v. Hopper, supra at 22 Wyo. 258, 138 P. 179. To an argument that Gulf, Colo. & Santa Fe Railway Co. v. Ellis, supra, had been much modified, this court responded:
"* * * True, the court has refused to apply the rule in certain cases involving the right to regulate the business and conduct of certain corporations or where the interest of the public was involved; but the principle that a statute discriminating between persons of the same class or similarly situated violates the constitutional provision of equal protection of the law has not, so far as we are advised, been modified or departed from. * *" Becker v. Hopper, supra, at 22 Wyo. 258, 138 P. 182.
With this reasoning we no longer agree.
This court has held that attorney's fees are recoverable if there is specific statutory authority therefor. Werner v. American Surety Company of New York, Wyo. 1967, 423 P.2d 86, 88. In addition to the statute here questioned, which has remained in our statutes in face of its uncertain status, the legislature has provided for attorney's fees in at least two other similar situations. §§ 26-12-109 (for plaintiff against unauthorized insurer), and 27-4-104 (for employee against employer in suit for wages.)[8]
Statutes which generally fit into the category of allowing attorney's fees are rather thoroughly collected and discussed at Anno., "Validity of Statute Allowing Attorney's Fee to Successful Claimant but Not to Defendant, or Vice Versa," 73 A.L.R.3d 515 (1976). We conclude that the award of an attorney's fee under the mechanic's lien statute is a reasonable classification for the benefit of certain workers, materialmen, and contractors. Anno., 73 A.L.R.3d 574-577, § 15(a). Also, see Anno., "Constitutionality of statute permitting recovery of attorney's fee in proceeding to enforce employee's claim for wages," 14 A.L.R.2d 452 (1950) and Later Case Service. The statute allowing the attorney's fee, § 29-2-118, is revived and the award of the attorney's fee of $25 is allowed to stand.[9]
Remanded for modification of the judgment, consistent with this opinion.
NOTES
[*] At the time of oral argument, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5-1-106(f), W.S. 1977, and has continued to participate in the decision and opinion of the court in this case.
[1] This case involves cross-appeals and thus the parties are technically both appellants and appellees. We note that the Schaefers failed to respond to the cross-appeal of appellee.
[2] Mechanics' and Builders' Liens, §§ 29-2-101 to 29-2-124, W.S. 1977.
[3] The judgment was to be reduced by $514, provided the Schaefers allowed appellee to go on their premises and remove unused materials of that value. The judgment also provided for interest on the reduced sum of $7,181.63, and the payment by the Schaefers of certain costs and $25 for attorney's fees.
[4] § 29-2-110, W.S. 1977:

"Every person * * * who may wish to avail himself of the benefits of the provisions of this act * * *, shall give ten (10) days notice, in writing, before filing the lien, as herein required, to the owner, owners or agent, or either of them, that he or they hold a claim against such building or improvement, stating in said notice the amount of the same and from whom it is due."
[5] § 29-2-102, W.S. 1977 (in pertinent part):

"Every * * * person, who shall * * furnish any material * * * for any building * * * under or by virtue of any contract with the owner * * * or his * * contractor, * * * upon complying with the provisions of this act * * *, shall have for his * * * materials * * * a lien upon such building * * *." (Footnote omitted and emphasis added.)
An express contract is not required. An implied contract will suffice. Engle v. First National Bank of Chugwater, Wyo. 1979, 590 P.2d 826; Jordan v. Natrona Lumber Co., 1938, 52 Wyo. 393, 75 P.2d 378. In any case, acceptance of or acquiescence in a performance will give rise to a valid contract. Casper Nat. Bank v. Curry, 1937, 51 Wyo. 284, 65 P.2d 1116, 1120-1121.
[6] The question presented here is not affected by our decision in American Building Company v. Wheelers Stores, Wyo. 1978, 585 P.2d 845, because here the supplier of materials supplied the materials directly to the Schaefers' contractor.
[7] Note: The annotation lists Missouri, to which we often look for persuasive authority on matters concerning our mechanic's lien statute, as a doubtful jurisdiction, § 12, pp. 440-441. As the annotation indicates, the Missouri cases are somewhat confused. But see Later Case Service for 39 A.L.R.2d 394-453, § 12, p. 397.
[8] This is not intended to be an exhaustive listing of provisions for attorney's fees.
[9] We suggest in passing that the fee is unrealistically low and should be addressed by the legislature if the statute is to have any real effect for the protected persons.